**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE Q. CHEN,<br><br>    Appellant,<br><br> v.<br><br>E. LYNN SCHOENMANN, as Trustee of<br>the Chapter 7 Estate of George Q. Chen,<br><br>    Appellee. | No. 10-17371<br><br>D.C. No. 3:10-cv-00146-JSW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted December 7, 2011[**]
San Francisco, California

Before: O'SCANNLAIN and BERZON, Circuit Judges, and ENGLAND, District

Judge.[***]

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

George Chen contends that the bankruptcy court erred when it found that he received $729,044.19 in post-petition payments on account of a pre-petition loan. We review the bankruptcy court's factual findings for clear error. *See, e.g.*, *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007). The court heard two days of testimony, examined the parties' exhibits, and reviewed an expert report. The record provides more than adequate support for the factual determinations made, including the court's rejection of Chen's explanation for the checks made payable to cash or denominated as repayment of loans. We thus conclude that the bankruptcy court did not clearly err.

Chen also contends that the court erred when it found that his conduct warranted revocation of his discharge under 11 U.S.C. § 727(d). Chen did not disclose to the Trustee his entitlement to repayment on the loan or the equity distributions he received as part-owner of a restaurant. The record thus supports the court's finding that Chen "knowingly and fraudulently failed to report the acquisition of or entitlement to" property of the estate, 11 U.S.C. § 727(d)(2), and there was no clear error.

AFFIRMED.